UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 13-CV-1556 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| TERRACE MORTGAGE COMPANY, | |
| Defendant. | |

Charles F. Webber, Hanna L. Terhaar, and Lance W. Lange, FAEGRE BAKER DANIELS LLP, for plaintiff.

John D. Sear and Charles Schoenwetter, BOWMAN AND BROOKE LLP; Thomas M. Barton and Aaron P.M. Tady, COLES BARTON LLP, for defendant.

Plaintiff Wells Fargo Bank, N.A., ("Wells Fargo") purchased residential mortgage loans from defendant Terrace Mortgage Company ("Terrace") pursuant to a Loan Purchase Agreement that was signed in January 1997. The Loan Purchase Agreement provided that it incorporated by reference the "Seller Guide" that Wells Fargo provided to Terrace. The Loan Purchase Agreement further provided that the Seller Guide could be amended "upon written notice." ECF No. 8-2 at 2.

Wells Fargo sued Terrace for breach of contract, alleging that about 120 of the loans that Terrace sold to Wells Fargo failed to meet the underwriting standards contained in the Loan Purchase Agreement and Seller Guide. Terrace moved to transfer venue to the Northern District of Georgia, where the majority of the relevant borrowers reside. Wells Fargo opposed the motion, asserting that the Seller Guide contained a forum-selection clause requiring this case to be heard in Minnesota. Because the factual record was underdeveloped, the Court denied

Terrace's motion without prejudice and directed the parties to engage in limited discovery on the venue issue. ECF Nos. 41, 45.

This matter is before the Court on Terrace's renewed motion to transfer. ECF No. 53. Wells Fargo has been unable to locate a copy of the Seller Guide that was in effect in January 1997, when the Loan Purchase Agreement was signed. Wells Fargo has, however, submitted excerpts from the Seller Guide that took effect in October 1997. It is undisputed that the October 1997 version of the Seller Guide included a Minnesota forum-selection clause. ECF No. 65 App. 52. It appears to be undisputed that Terrace received a copy of the October 1997 version of the Seller Guide. ECF No. 56-2 (under seal) ("[W]ithin the next few days, you will receive our new . . . Seller Guide!"). Finally, it appears to be undisputed that all subsequent versions of the Seller Guide contained the same Minnesota forum-selection clause. ECF No. 65 App. 6.

What is disputed is whether and to what extent Wells Fargo gave Terrace "written notice" of the revisions that were made to the Seller Guide in October 1997. The parties assume, for purposes of this motion, that the Seller Guide did not include a forum-selection clause prior to October 1997. ECF No. 64 at 3 n.3; ECF No. 66 at 2-3. One of Wells Fargo's vice presidents (Sean Lacy) avers that the bank's practice at the time was to mail notifications of new versions of the Guide to lenders, such as Terrace. ECF No. 65 App. 5-6. Wells Fargo has produced a copy of a September 1997 notification announcing the new Guide. ECF No. 56-2 (under seal).

Wells Fargo's evidence, however, establishes only that lenders (such as Terrace) were provided with a copy of the October 1997 Seller Guide and general notice that revisions had been made to the Guide. Terrace says this is not enough. According to Terrace, the Loan Purchase Agreement required not only that it receive a copy of the revised Seller Guide, and not

only that it receive written notice that changes had been made to the Guide, but also a specific written description of each of the changes.  Terrace argues that because Wells Fargo can provide no evidence that it provided specific written notice that a forum-selection clause had been added to the Guide, Wells Fargo cannot now enforce that forum-selection clause.

The Court disagrees.  The Loan Purchase Agreement provides that Wells Fargo "may amend the [Seller Guide] from time to time upon written notice."  ECF No. 8-2 at 2.  This requires Wells Fargo to provide written notice to Terrace that the Seller Guide had been amended; it cannot fairly be read to require Wells Fargo to provide a detailed written description of each and every amendment.  Moreover, even if the Loan Purchase Agreement could be construed to require more, Terrace received not merely written notice that the Seller Guide had been amended, but a written copy of the amendments (including the Minnesota forum-selection clause).  Nothing more was required.

The United States Supreme Court has held that "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases."  *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (alterations and quotation marks omitted).  As the Court explained at the May 15, 2014 hearing on Terrace's original motion to transfer, the Court does not view this case as being among "the most exceptional cases," and thus Terrace's renewed motion to transfer is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Terrace's renewed motion to transfer venue [ECF No. 53] is DENIED.

Dated: November 25, 2014          s/ Patrick J. Schiltz
                                                              Patrick J. Schiltz
                                                              United States District Judge